UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FREDERICK D. JONES                                                                                PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:16CV-831-JHM

MARK BOLTON *et al.*                                                                          DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Frederick D. Jones filed a *pro se* complaint along with a request to proceed *in forma pauperis*. On January 6, 2017, the Clerk of Court issued a Notice of Deficiency (DN 4) to Plaintiff at the Floyd County Jail in Indiana, where he indicated he was incarcerated, directing him to file a certified copy of his jail trust account statement within 30 days and advising him that his failure to comply would result in the matter being brought to the attention of the Court. On January 23, 2017, the copy of the Notice mailed to Plaintiff was returned to the Court by the United States Postal Service with the returned envelope marked "Return to Sender," "Refused," and "Unable to Forward" (DN 5). A handwritten notation on the envelope indicated "Not Here."

In Plaintiff's complaint, in addition to indicating that he was incarcerated in the Floyd County Jail, Plaintiff wrote, "My release date is Jan 17, 2017. after this date my address will be . . . 2104 W. Burnett Street Louisville, Kentucky 40210." In light of this information, the Clerk of Court changed Plaintiff's address of record and, on February 17, 2017, issued a second Notice of Deficiency (DN 6) to Plaintiff at the Louisville address directing him to file an application to proceed *in forma pauperis*. Further, the Notice advised Plaintiff that his failure to comply within 30 days would result in the matter being brought to the attention of the Court. The 30-day period expired without compliance by Plaintiff.

Consequently, by Order entered April 11, 2017, the Court directed Plaintiff to file a Court-supplied, non-prisoner application to proceed *in forma pauperis* (DN 7). The Court

warned Plaintiff that failure to comply within 30 days from the entry date of the Order would result in dismissal of this action. The 30-day compliance period has expired without any response from Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to comply with a straightforward Order of this Court, despite being warned that dismissal would occur without compliance, the Court concludes that he has abandoned any interest in prosecuting this action. Accordingly, this action will be dismissed by separate Order.

Date: May 23, 2017

*signature*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
 Defendants
4414.005